**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1106

_____

UNITED STATES OF AMERICA

v.

NICHOLAS CERIONE,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1:23-cr-00062-001)
District Judge:  Honorable Christine P. O'Hearn

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 13, 2024

Before:  RESTREPO, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*.

(Opinion filed: January 10, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MONTGOMERY-REEVES, *Circuit Judge.*

Nicholas Cerione appeals his conviction and sentence for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Cerione's appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Because we agree that no nonfrivolous issues exist, we will grant the motion to withdraw and affirm the District Court's judgment. We state for purposes of counsel's filing a petition for writ of certiorari in the Supreme Court that the issues in the appeal lack merit.[1]

## I.  BACKGROUND[2]

In January 2023, Cerione, following the execution of a written plea agreement, pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

In the plea agreement, Cerione waived his right to appeal certain stipulated facts relating to his child pornography possession, including that some of the material portrayed a minor under the age of 12, included sadistic or masochistic conduct or portrayed other depictions of violence.

The District Court held a plea hearing in accordance with Federal Rule of Criminal Procedure 11. After a thorough colloquy, the District Court was satisfied that (1) Cerione understood the consequences of the plea; (2) he knowingly and voluntarily

---

[1] We are noting that the issues in the appeal lack merit after a request by the United States, in accordance with Third Circuit L.A.R. 109.2(b) (2011).

[2] We write for the benefit of the parties and recite only essential facts.

2

entered the plea; and (3) an adequate factual basis supported the plea. The Court then accepted Cerione's guilty plea.

Before sentencing, the U.S. Probation Office prepared a Presentence Investigation Report (the "PSR"), which concluded that Cerione's range under the Federal Sentencing Guidelines (the "Guidelines") was 78 to 97 months' imprisonment. At sentencing, neither party objected to the PSR. The Government sought a sentence within the Guidelines range. Cerione argued for a downward variance of time-served with 10 years of supervised release. The District Court adopted the Probation Office's findings regarding the applicable Guidelines range, but varied downward to a total offense level of 25, which yielded a Guidelines range of 57 to 71 months' imprisonment. The Court imposed a sentence of 60 months' imprisonment. Cerione filed a notice of appeal. His counsel filed the instant motion to withdraw from representation and the accompanying brief.

## II.    DISCUSSION[3]

When, after reviewing the District Court record, "counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." 3d Cir. L.A.R. 109.2(a). In considering the motion, we must determine: "(1) whether counsel's brief in support of her motion fulfills the requirements of L.A.R. 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues."

---

[3] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

*United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022) (citing *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)).

An *Anders* brief fulfills the requirements of Local Rule 109.2(a) if it shows that counsel "has thoroughly examined the record in search of appealable issues" and "explains why those issues are frivolous." *Id.* (citing *Youla*, 241 F.3d at 300). Here, counsel identifies three issues that could support an appeal and explains why each is frivolous: (1) the legality of the appellate waiver; (2) the legality of the guilty plea hearing; and (3) the legality of the sentence. Thus, counsel's brief meets our *Anders* requirement.

An independent review of the record also reveals that Cerione's appeal is frivolous. In reviewing the record, we confine our scrutiny to those portions of the record identified by counsel's adequate *Anders* brief. *Youla*, 241 F.3d at 301.

First, we agree that the appellate waiver presents no nonfrivolous issues. Cerione signed the Rule 11 form attesting that he understood the terms of his plea agreement, including the waiver, and confirmed the same to the District Court. Thus, we agree with counsel that there is no nonfrivolous issue related to Cerione's appellate waiver.

Second, as to Cerione's guilty plea hearing, the District Court satisfied the constitutional requirements and Federal Rule of Criminal Procedure 11. The District Court ensured that: Cerione understood the charges against him and his rights; his plea was voluntary and knowing and was not the product of any threats or coercion; he had the opportunity to speak with his attorney, review all the documents and have all his questions answered; and he understood the proceedings and the terms of the plea

4

agreement, including its appellate waiver provision. Moreover, there was an adequate factual basis for the plea. Only then did the District Court accept his guilty plea.

Third and finally, we agree there are no issues with Cerione's sentence. A sentencing court abuses its discretion if the sentence imposed is unreasonable. *United States v. Cooper*, 437 F.3d 324, 326–28 (3d Cir. 2006). A sentence is procedurally reasonable if the sentencing court accurately calculates the applicable Guidelines range, considers all departure motions, and considers the relevant § 3553(a) factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). A sentence is substantively reasonable unless the Court determines "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

As Cerione's counsel explains, any procedural challenge to the reasonableness of his sentence would be frivolous. Cerione was sentenced to 60 months of imprisonment, which was below his Guidelines range of 78 to 97 months and well below the statutory maximum sentence of 240 months (20 years). U.S.S.G. Ch. 5, Pt. A; 18 U.S.C. § 2252A(a)(5)(B), (b)(2). When sentencing Cerione, the District Court complied with the requirements of Federal Rule of Criminal Procedure 32 and followed the three-step process outlined in *Gunter*, 462 F.3d at 247. The District Court accurately calculated the applicable Guidelines range, heard argument on and, in fact, granted Cerione's request for a below-Guidelines sentence, and meaningfully considered the applicable § 3553(a) factors. Regarding substantive reasonableness, any argument that "no reasonable sentencing court" would have imposed a below-Guidelines sentence is also frivolous.

5

*Tomko*, 562 F.3d at 568.

## III.    CONCLUSION

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment.  We also state that the issues presented in the appeal lack legal merit for purposes of counsel's filing a petition for writ of certiorari in the Supreme Court.